[Cite as *State v. Osborne*, 2016-Ohio-282.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27563 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| EDWARD J. OSBORNE | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 13 10 2911 |

DECISION AND JOURNAL ENTRY

Dated: January 27, 2016

CARR, Presiding Judge.

{¶1} Appellant, Edward J. Osborne, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On April 17, 2013, Osborne was involved in a violent altercation outside a Family Dollar Store in Akron. Subsequently, the Summit County Grand Jury indicted Osborne on two counts of felonious assault. The State later supplemented the indictment with a repeat violent offender specification for each count. Osborne pleaded not guilty to the charges at arraignment and the matter proceeded to a jury trial. Osborne asserted the affirmative defense of self-defense, and the jury was instructed accordingly. Osborne was convicted of both counts of felonious assault as well as the attendant specifications. The trial court sentenced Osborne to 18 years in prison.

{¶3} On appeal, Osborne raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

OSBORNE'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶4}** In his sole assignment of error, Osborne contends that his felonious assault convictions were against the manifest weight of the evidence because the greater weight of the evidence presented at trial demonstrated that he acted in self-defense. This Court disagrees.

**{¶5}** When a defendant argues that his convictions were contrary to the weight of the evidence, this court must review all of the evidence before the trial court:

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340.

**{¶6}** Osborne has the burden of proving by a preponderance of the evidence that he was acting in self-defense when he hit Gary Hite with his car and stabbed Michael Jones. *State v. Williford*, 49 Ohio St.3d 247, 249 (1990). In order to demonstrate that he acted in self-defense, Osborne must show:

> (1) the defendant was not at fault in creating the violent situation, (2) the defendant had a bona fide belief that [he] was in imminent danger of death or

great bodily harm and that [his] only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger.

*State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, ¶ 36, quoting *State v. Thomas*, 77 Ohio St.3d 323, 326 (1997). The "elements of self-defense are cumulative. * * * If the defendant fails to prove *any one* of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." (Emphasis sic.) *State v. Jackson*, 22 Ohio St.3d 281, 284 (1986); *State v. Cornwell*, 9th Dist. Wayne No. 14AP0017, 2015-Ohio-4617, ¶ 19.

{¶7} Osborne argues that the testimony of the two victims in this case demonstrates that they were the aggressors during the altercation and that Osborne acted in self-defense.

{¶8} A thorough review of the record reveals that Osborne was not acting in self-defense when he assaulted Michael Jones and Gary Hite on the evening of April 17, 2013. Jones and his girlfriend lived in a house with T.T., Osborne's ex-girlfriend. Osborne formerly resided at the house but he moved out after he and T.T. were involved in a domestic violence incident. On the night in question, a group including T.T., Jones, and Hite were socializing at the house. T.T. received a phone call and indicated that she needed to walk alone to the Family Dollar Store. Jones found T.T.'s desire to walk alone puzzling because T.T. was usually afraid to walk by herself at night. Jones testified that he looked out for T.T. after Osborne moved out, and he was concerned in this particular instance because he did not want Osborne confronting her and starting an altercation. Hite was also aware that T.T. was afraid of Osborne. Because he was concerned for T.T.'s safety, Hite offered to escort her to the store. Shortly thereafter, Jones saw Osborne driving by the house very slowly with his headlights turned off. At that point, Jones left the house and followed in hopes of preventing a confrontation.

{¶9} T.T. walked ahead of Hite on the way to the store. T.T. arrived at the Family Dollar before Hite and proceeded to walk around the corner of the store. Hite immediately heard

her exclaim, "Get off me. Get off me." Hite then walked around the corner and found Osborne trying to put T.T. in his car. Hite testified that as T.T. was "struggling to get away," he intervened and walked T.T. inside the store. When Hite walked back outside, a man who had been a passenger in Osborne's vehicle approached Hite and struck him in the head with a weapon. The two men "fell onto the ground and tussled." The passenger eventually got up and walked away. Hite testified that the last thing he remembered was someone yelling, "[w]atch out" immediately before Osborne struck Hite with his car.

{¶10} Jones testified that he encountered a precarious scene when he arrived at the Family Dollar. Hite was engaged in a confrontation with the unidentified passenger from Osborne's car. Osborne was on the other side of the car arguing with T.T. Jones testified that Osborne was trying to put T.T. in his car but she was frightened and attempting to resist. Jones acknowledged during his testimony that while he was concerned for T.T.'s safety, he was also angry with Osborne for a separate incident involving Jones' girlfriend. As Osborne struggled with T.T., Jones approached Osborne and the two men proceeded to get into a fistfight. While Jones did not have a weapon, Osborne pulled out a knife and stabbed Jones in the side. Jones attempted to pull Osborne away from the vehicle but he was unable to do so. T.T. was able to get out of the car and run into the store. Osborne got in his car and drove away. Though the State presented a surveillance video at trial showing Osborne crashing his car into Hite, Jones testified that he did not witness the encounter after being stabbed.

{¶11} Osborne testified in his own defense at trial and offered a completely different version of events. According to Osborne, T.T called him on the night of the incident and arranged to meet him at the Family Dollar. When Osborne arrived in the parking lot, T.T. was waiting for him and Hite stood just behind her. Osborne got out of his car and greeted both T.T.

and Hite. Osborne told T.T. to get in his car. Hite started messing with his sleeve and he eventually pulled a knife. Osborne reached in his car and pulled out a pipe wrench. When Hite lunged at Osborne, Osborne struck him with the pipe wrench. Hite staggered and dropped the knife. Osborne testified that he picked up the knife but then noticed an unidentified man with a revolver. Osborne attempted to flee but Jones emerged and struck Osborne in the back of the head. Osborne then turned and stabbed Jones. Osborne testified that he got into his vehicle in an attempt to get away. As Osborne struggled to get the car in gear, Jones threw a rock at the vehicle while two other men attempted to open the passenger door. Osborne was able to get the car in gear and he turned the car around in the parking lot in order to avoid the traffic on Howard Street. Osborne testified that when he attempted to leave the parking lot, he inadvertently struck Hite with his car.

{¶12} After a thorough review of the record, we cannot say that this is the exceptional case where the evidence weighs heavily against conviction. *See State v. Gulley*, 9th Dist. Summit No. 19600, 2000 WL 277908, *3 (Mar. 15, 2000). The greater weight of the evidence presented at trial showed that Osborne instigated the violent sequence of events in this case by accosting T.T. and attempting to force her into his vehicle. When Jones, who was unarmed, confronted Osborne, Osborne escalated the situation by pulling a knife and stabbing Jones in the side. Hite testified that after he escorted T.T. into the Dollar Store, he was attacked by a man with a weapon. As Hite staggered in the parking lot, Osborne struck Hite with his vehicle. As there was ample evidence indicating that Osborne was responsible for creating a volatile situation and then accelerating the level of violence, he cannot prevail on his manifest weight challenge. Moreover, though Osborne offered testimony in support of his self-defense theory, it is well settled that "this Court will not overturn the trial court's verdict on a manifest weight of

the evidence challenge only because the trier of fact chose to believe certain witnesses' testimony over the testimony of others." *State v. Adams*, 9th Dist. Summit No. 26009, 2012-Ohio-4382, ¶ 20, citing *State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22. Under these circumstances, this Court cannot say that the jury clearly lost its way and created a manifest miscarriage of justice.

{¶13} The assignment of error is overruled.

III.

{¶14} Osborne's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.