[Cite as *State v. Durrette*, 2017-Ohio-7314.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104050

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BRANDON TYRONE DURRETTE

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-595754-A and CR-15-600742-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 24, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
BY:    Erika B. Cunliffe
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Edward R. Fadel
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Brandon Durrette ("appellant"), brings this appeal challenging his convictions and sentences for various counts in two separate cases. Specifically, appellant argues that his guilty pleas were not knowingly, voluntarily, and intelligently entered, his trial counsel provided ineffective assistance, the trial court's sentence is contrary to law, and the trial court abused its discretion by denying his postsentence motion to withdraw his guilty pleas. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} Appellant pled guilty in two separate cases to crimes related to a string of armed robberies in the Tremont neighborhood of Cleveland. First, in Cuyahoga C.P. No. CR-15-595754-A, appellant pled guilty to eight counts of aggravated robbery, two counts of felonious assault, six counts of having weapons while under disability, two drug trafficking counts, one drug possession count, one count of misusing a credit card, and one count of receiving stolen property. Furthermore, appellant pled guilty to ten one-year firearm specifications. Second, in Cuyahoga C.P. No. CR-15-600742-A, appellant pled guilty to two counts of aggravated robbery, both of which contained one-year firearm specifications, and one count of having weapons while under disability.

{¶3} On December 17, 2015, the trial court held a sentencing hearing during which appellant was sentenced in both criminal cases.[1] In CR-15-595754-A, the trial court

---

[1] Appellant was also sentenced for violating probation in two additional criminal cases:

sentenced appellant to an aggregate 25-year prison term. In CR-15-600742-A, the trial court sentenced appellant to an aggregate 5-year prison term. The trial court ordered appellant's sentences in the two cases to run concurrently.

{¶4} On January 26, 2016, appellant filed an appeal challenging his guilty pleas and the trial court's sentence. This court granted appellant's motion to remand the matter to the trial court so that he would have an opportunity to file a motion to vacate his guilty pleas.

{¶5} Appellant filed a motion to vacate his guilty pleas on September 7, 2016. The trial court denied appellant's motion to vacate his guilty pleas on December 1, 2016.

{¶6} Appellant assigns five errors for review:

I. [Appellant's] plea was not knowingly and intelligently entered because the plea was largely induced by the State's offer to delete specifications subsequently found to violate the State and Federal Constitutions in *State v. Hand*, [149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448].

II. The sentence imposed is contrary to law because it fails to comply with the purposes of the Ohio Sentencing Statutes.

III. [Appellant's] guilty plea is invalid because he did not enter it knowingly, intelligently, and voluntarily.

IV. [Appellant] received ineffective assistance of counsel in connection with his guilty plea.

V. The trial court abused its discretion by failing to allow [appellant] to withdraw his guilty plea where the evidence he submitted in support of the motion established a manifest injustice.

CR-13-579896-A and CR-13-575274-A.

For ease of discussion, we will address appellant's assignments of error out of order.

## II. Law and Analysis

## A. Guilty Pleas

{¶7} Appellant's first, third, and fifth assignments of error relate to his guilty pleas.

### 1. Knowingly, Intelligently, and Voluntarily Entered

{¶8} In his first assignment of error, appellant argues that his guilty pleas were not knowingly, intelligently, and voluntarily entered because the state induced him to enter the pleas by deleting the underlying notice of prior conviction specifications that should not have been charged in the indictment pursuant to *Hand*.

{¶9} In *Hand*, the Ohio Supreme Court held that it "is a violation of due process to treat a juvenile adjudication as the equivalent of an adult conviction for purposes of enhancing a penalty for a later crime." *Id*. at ¶ 1. The court explained,

[t]reating a juvenile adjudication as an adult conviction to enhance a sentence for a later crime is inconsistent with Ohio's system for juveniles, which is predicated on the fact that children are not as culpable for their acts as adults and should be rehabilitated rather than punished. It is widely recognized that juveniles are more vulnerable to outside pressures, including the pressure to admit to an offense. Under [*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)], using a prior conviction to enhance a sentence does not violate the constitutional

right to due process, because the prior process involved the right to a jury trial. Juveniles, however, are not afforded the right to a jury trial. Quite simply, a juvenile adjudication is not a conviction of a crime and should not be treated as one.

*Hand* at ¶ 38.

{¶10} In the instant matter, appellant essentially argues that he bargained for nothing and received no benefit from the plea agreements because the notice of prior conviction specifications that the state agreed to delete should not have been charged against him in the first place. Appellant's argument is unsupported by the record.

{¶11} Initially, we note that appellant was indicted in CR-15-595754-A on June 4, 2015, and pled guilty on November 17, 2015. Appellant was charged in an information in CR-15-600742-A on November 9, 2015, and pled guilty on December 10, 2015. Appellant was sentenced in both cases on December 17, 2015. The Ohio Supreme Court's decision in *Hand*, however, was not issued until August 25, 2016. Thus, the notice of prior conviction specifications were valid and constitutional when appellant was charged, during pretrial proceedings and plea negotiations, when appellant pled guilty, and when he was sentenced.

{¶12} Additionally, we find that the deletion of the notice of prior conviction specifications was not the only benefit that appellant received from the plea agreements. In CR-15-595754-A, the state also agreed to dismiss one count of aggravated robbery, one count of having weapons while under disability, nine counts of kidnapping, and the

three-year firearm specifications charged in Counts 1, 2, 4-7, 9-12, 14-19, 21, 22, 25, and 26. In CR-15-600742-A, the state also agreed to dismiss the three-year firearm specifications charged in Counts 1 and 2.

{¶13} For all of these reasons, appellant's first assignment of error is overruled.

{¶14} In his third assignment of error, appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because he did not have full knowledge of his sentencing exposure. Appellant cites *State v. Engle*, 74 Ohio St.3d 525, 660 N.E.2d 450 (1996), for the proposition that it is unconstitutional to enforce a guilty plea that is entered without full knowledge of the sentencing exposure involved.

{¶15} Appellant submitted an affidavit along with his motion to withdraw the guilty pleas. Therein, he claimed that he did not know that he could receive such a lengthy prison sentence by pleading guilty:

> I was shocked to be sentenced to a term of 25 years in prison. I would not have pled guilty if I thought that I would face a 25-year prison sentence as a result of my plea. When I pled guilty, my attorneys led me to believe that the plea deal was such that I would no longer be facing mandatory time.

{¶16} Appellant acknowledges that his sentencing exposure was discussed on the record. In fact, the record reflects that appellant was advised of the mandatory time he faced as a result of pleading guilty. During the change of plea hearings in both cases, the trial court thoroughly outlined the minimum and maximum sentences appellant could receive for each of the counts to which he pled guilty. During the change of plea

hearing in CR-15-600742-A, the trial court advised appellant that he faced a mandatory two-year prison sentence for his firearm specifications underlying the aggravated robbery counts. (Tr. 62.) Furthermore, one of appellant's attorneys stated that appellant "certainly could be exposed to much more prison time than the mandatory two-year sentence for the firearm specifications. He and I have talked about that." (Tr. 47.)

{¶17} To the extent that appellant claims that he pled guilty because his attorneys led him to believe that he would receive a shorter sentence, this court has previously held that a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel. *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 11; *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073.

{¶18} Appellant does not argue, much less demonstrate, that the trial court failed to comply with Crim.R. 11 in accepting his guilty pleas. Furthermore, appellant does not argue, much less demonstrate, that he was coerced or threatened into pleading guilty. The trial court engaged in a thorough Crim.R. 11 colloquy with appellant, explained the constitutional rights that appellant was giving up by entering the pleas, and ensured that appellant understood the effects — including the potential sentences — of pleading guilty.

{¶19} For all of these reasons, appellant's third assignment of error is overruled.

### 2. Motion to Withdraw Guilty Pleas

{¶20} In his fifth assignment of error, appellant argues that the trial court erred by

denying his postsentence motion to withdraw the guilty pleas.

{¶21} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of sentence has the burden of establishing the existence of manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

{¶22} "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. Manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Under the manifest injustice standard, a postsentence motion to withdraw a plea is permitted "only in extraordinary cases." *State v. Montgomery*, 2013-Ohio-4193, 997 N.E.2d 579, ¶ 61 (8th Dist.), citing *Smith* at 264.

{¶23} The determination of whether the defendant has met his or her burden of establishing "a manifest injustice" is within the sound discretion of the trial court. *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 42 (8th Dist.), citing *Smith* at paragraph two of the syllabus. Therefore, we will not reverse a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea absent an abuse of the court's discretion. *Id*. An abuse of discretion occurs where the trial court's decision is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶24} In the instant matter, appellant claims that the lengthy prison sentence he received constitutes a manifest injustice. His argument is unsupported by the record.

{¶25} In denying appellant's motion to withdraw his guilty pleas, the trial court stated, in relevant part,

> appellant's claims that he was misinformed about his sentence exposure and unaware that he faced mandatory prison time are unsupported by the documents submitted on his behalf. The transcripts establish that this court fully advised appellant of the consequences of his plea and that this court complied with Crim.R. 11 concerning advising appellant of all the possible potential penalties and that he faced mandatory prison sentences.

{¶26} After reviewing the record, it is evident that appellant failed to meet his burden of establishing a manifest injustice. This is not an extraordinary case that warrants withdrawal of appellant's guilty pleas. The trial court's sentence does not constitute a clear or openly unjust act.

{¶27} As set forth in further detail below, the trial court's sentence is not contrary to law. The trial court sentenced appellant within the permissible statutory ranges and considered the principles and purposes of felony sentencing set forth in R.C. 2929.11 and 2929.12. The record reflects that appellant was sentenced for offenses he committed during a crime spree that consisted of seven different incidents and victimized ten people.

Two of the ten victims were 14 years old. Appellant engaged in a pattern of robbing people in the Tremont area at gunpoint. The victims, many of which submitted victim impact statements, were traumatized by appellant's actions.

{¶28} After knowingly, intelligently, and voluntarily pleading guilty, appellant cannot move to withdraw his guilty pleas merely because he was unhappy with the sentence he received. Accordingly, appellant's fifth assignment of error is overruled.

### B. Ineffective Assistance

{¶29} In his fourth assignment of error, appellant argues that his trial counsel provided ineffective assistance.

{¶30} To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation and (2) that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶31} In the instant matter, appellant asserts that his trial counsel's performance was deficient in two ways: (1) failing to accurately advise him of the sentencing exposure that he faced, and (2) failing to fully present the relevant mitigating information/factors at sentencing.

**{¶32}** First, regarding counsel's advice about sentencing exposure, there are no allegations that the court failed to advise appellant of the possible penalties for the charged offenses. Rather, appellant simply claims that his counsel did not inform him that such a lengthy prison sentence was possible. As noted above, this court has previously held that a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel. Furthermore, contrary to his assertions that he was misled or induced in entering his pleas, the record reflects otherwise. The record shows that the plea agreements, including the possible sentences, were placed on the record and appellant assented to them.

**{¶33}** Second, regarding the mitigating information/factors, which are discussed in further detail below, appellant contends that his trial counsel failed to explore the true extent of his personal circumstances. The record reflects that both of appellant's attorneys addressed the applicable and relevant mitigating factors at sentencing.

**{¶34}** One of appellant's attorneys discussed the issue of appellant's brain development, the fact that appellant grew up without a father figure, appellant's bipolar and ADHD diagnoses, appellant's substance abuse issues, the fact that appellant accepted responsibility for his actions and expressed remorse, and the fact that none of the victims sustained physical injuries. Appellant's other attorney discussed appellant's mental health diagnoses, the hardships he faced during his childhood, appellant's substance abuse issues, and the fact that appellant grew up without a mother or father figure.

**{¶35}** Accordingly, both of appellant's attorneys discussed the relevant mitigating

factors at sentencing. Appellant's attorneys did not provide ineffective assistance simply because appellant claims that their discussion of the mitigating factors could have been more thorough.

{¶36} For all of these reasons, appellant's fourth assignment of error is overruled.

### C. Trial Court's Sentence

{¶37} In his second assignment of error, appellant argues that the trial court's sentence is contrary to law.

{¶38} When reviewing felony sentences, the reviewing court does not review the sentence for an abuse of discretion. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Rather, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if the court clearly and convincingly finds that the record does not support the sentencing court's statutory findings under R.C. 2929.14(C)(4) or the sentence is contrary to law. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 12, citing R.C. 2953.08(G)(2). A sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶39} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes without imposing an unnecessary burden on state or local

government resources. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶40} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A).

{¶41} Although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Combs*, 8th Dist. Cuyahoga No. 99852, 2014-Ohio-497, ¶ 52; *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17. "While trial courts must carefully consider the statutes that apply to every felony case, it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. This court has held that a trial court's statement in its sentencing entry that it considered the required statutory factors, without more, is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *Gonzalez* at ¶ 7.

**{¶42}** In the instant matter, appellant directs this court to *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, where the Ohio Supreme Court held that a trial court, in exercising its sentencing discretion, "must separately consider the youth of a juvenile offender as a mitigating factor before imposing a sentence of life without parole" and that "[t]he record must reflect that the court specifically considered the juvenile offender's youth as a mitigating factor at sentencing when a prison term of life without parole is imposed." *Id.* at paragraphs one and two of the syllabus. The court emphasized the fundamental differences between juvenile and adult minds that render juveniles constitutionally different from adults for purposes of sentencing.

**{¶43}** Here, appellant asserts that this rationale — that juveniles are less deserving of the most severe punishments than adults — should be applied to him because he was in his early twenties when he committed the offenses to which he pled guilty. This court faced similar arguments in *Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025 (8th Dist.), and *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135 (8th Dist.).

**{¶44}** In *Vinson*, the defendant-appellant was 18 years old at the time he committed the offenses. This court emphasized that the appellant was not a juvenile offender, explaining:

the United States Supreme Court has explicitly identified age 18 as the "bright-line" divide between juveniles and adults when considering developmental differences for sentencing purposes. "Juvenile offenders" are those who were younger than 18 at the time they committed their

offenses; offenders who were 18 or older at the time the committed their offenses are adult offenders. Vinson was 18 at the time he committed the crimes at issue. He was an adult. Therefore, the *Long* rationale does not apply to him and he was not entitled to the special sentencing considerations afforded juvenile offenders.

*Id.* at ¶ 51.

**{¶45}** In *Nitsche*, the defendant-appellant was 23 years old at the time he committed the offenses. Appellant argued that the rationale that juveniles are less deserving of the most severe punishments should be applied to him because he was a young adult with a dysfunctional upbringing. This court rejected the appellant's argument, explaining that the appellant was not a juvenile offender, and that he committed the crimes at the age of 23.

**{¶46}** In the instant matter, appellant committed the offenses to which he pled guilty at the age of 21. Like *Vinson* and *Nitsche*, appellant is not a juvenile offender, and he is not entitled to the special sentencing considerations provided to juvenile offenders. Accordingly, appellant's reliance on the Ohio Supreme Court's holding in *Long* is misplaced.

**{¶47}** Appellant further argues that the trial court failed to take into consideration the following mitigating factors: (1) his life has been influenced by trauma, instability, psychological and medical conditions, substance abuse, neglect, and abandonment; (2) he had no relationship with his father and his mother went to prison when he was 16 years

old; (3) he was abused during his childhood; (4) his mental functioning is at a mild mental retardation range; (5) he had been diagnosed with ADHD; and (6) he committed the offenses from which the instant appeal arose at the age of 21. Appellant's argument is unsupported by the record.

{¶48} After reviewing the record, it is evident that the trial court's sentence is not contrary to law. Initially, we note that appellant does not argue that any of his sentences were outside the permissible statutory ranges set forth in R.C. 2929.14(A). Furthermore, appellant does not challenge the trial court's imposition of consecutive sentences under R.C. 2929.14(C)(4). Instead, appellant argues that the trial court failed to take the mitigating factors into consideration in imposing its sentence.

{¶49} As noted above, appellant's attorneys advised the trial court of the relevant mitigating factors at sentencing. Prior to imposing its sentence, the trial court indicated that it took these statements into consideration.

{¶50} The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from the trial court's notation in its journal entry, the record reflects that the trial court did, in fact, consider the principles and purposes of felony sentencing set forth in R.C. 2929.11 and 2929.12 in imposing its sentence.

{¶51} During the sentencing hearing, the trial court explained,

for sentencing purposes, I have to follow the same guidelines and procedures. I have to look to the seriousness of the charges and whether

or not those circumstances are more serious than what the typical or expected charge could be or whether its less serious because there are some mitigating circumstances or other factors that indicate that while it's a serious charge, it is mitigated by those circumstances and events, and that has to be accomplished with regard to each one of the cases and each one of the counts before the court. The other main component for consideration is the likelihood of whether or not the defendant is likely to have another case in the future.

(Tr. 122-123.) The trial court considered the presentence investigation report, which found that appellant had a very high likelihood of reoffending in the future. Furthermore, the trial court considered the statements made during the sentencing hearing and the victim impact statements.

{¶52} For all of these reasons, the trial court's sentence is not contrary to law. Accordingly, appellant's second assignment of error is overruled.

### III. Conclusion

{¶53} After thoroughly reviewing the record, we find that appellant's guilty pleas were entered knowingly, intelligently, and voluntarily; the trial court did not abuse its discretion by denying appellant's postsentence motion to withdraw his guilty pleas; appellant's trial counsel did not provide ineffective assistance; and the trial court's sentence is not contrary to law.

{¶54} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS;
PATRICIA ANN BLACKMON, J., DISSENTS (WITH SEPARATE OPINION)

PATRICIA ANN BLACKMON, J., DISSENTING:

{¶55} I respectfully dissent. The use of a prior adjudication to enhance the sentence of an adult offender was held unconstitutional by the Ohio Supreme Court's recent decision in *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, 73 N.E.3d 448; consequently, Durrette fits within the *Hand* class of offenders, and as such his plea should be vacated.

{¶56} In this matter, the prior conviction specifications in the indictment subjected Durrette to possible mandatory imprisonment under R.C. 2929.13(F) and 2901.08(A). During the plea bargain process, Durrette explicitly bargained for deletion of the prior conviction specifications in exchange for his guilty pleas in both CR-15-595754-A and CR-15-600742-A:

> [W]ith an understanding that the defendant will also be pleading guilty to amended Counts 4, 6, 9, 11, 14, 16, 18, 19, 21, 25, [the] state would move to amend those counts by deletion of the 3-year firearm spec as well as the notice of prior conviction[.] [Additionally, in CR-15-600742] the state would accept in that case a similar plea as this case: The 3-year firearm

would be dismissed; the notice of prior conviction would be dismissed; as well as the kidnapping.

(Tr. 4.)

**{¶57}** The majority correctly notes that Durrette was sentenced on December 17, 2015, and *Hand* was not issued until August 25, 2016. However, after Durrette was sentenced and filed a notice of appeal, this court remanded the case to the trial court for ruling on a motion to vacate Durrette's guilty plea. The motion to vacate the guilty plea was filed on September 7, 2016, or several weeks after the decision in *Hand*. Accordingly, *Hand* affects his plea and sentence. The trial court under the circumstances should have granted his motion. I agree with Durrette; he bargained for nothing.

**{¶58}** Under the totality of the circumstances, Durrette did not subjectively understand the true extent of his potential penalties and the "maximum penalty involved," as required under Crim.R. 11 since the notices of prior conviction may actually not be used to enhance his penalty or sentence. *Accord State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 20 (8th Dist.) (no substantial compliance with Crim.R. 11(C)(2) where the trial court failed to provide defendant with accurate information that he was subject to mandatory imprisonment).

**{¶59}** The majority concludes that deletion of the prior conviction specifications was not the only benefit that Durrette received from the plea agreements because the state also agreed to dismiss eleven other charges and 20 firearm specifications. However, *Hand* announced a total prohibition against using juvenile adjudications to enhance the sentence imposed upon an adult "because it is fundamentally unfair" and a violation of

the Due Process Clauses of the Ohio and United States Constitutions to use adjudications in this manner. *Id.* at paragraph one of the syllabus. Therefore, in my view, the vindication of these constitutional considerations outweighs the fact that dismissal of other offenses were also part of the plea.