[Cite as *State v. Chandler*, 2017-Ohio-8573.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105246**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROOSEVELT CHANDLER**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606832-A

**BEFORE:** S. Gallagher, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 16, 2017

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Carl Mazzone
Assistant Prosecuting Attorney
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

**{¶1}** Roosevelt Chandler appeals his convictions for two counts of felonious assault, each accompanied with a three-year gun specification, and his resulting eight-year sentence. We affirm.

**{¶2}** The victim and his girlfriend shared an apartment within a two-building complex. The two buildings faced each other, with a shared parking lot in front of both buildings and an outdoor, common area in between. Chandler lived in an apartment directly across from the victim. The victim was in the parking lot while his stepdaughter was in the common area. According to the victim, Chandler's wife became irate at the noise caused by the victim's stepdaughter and other children, and Mrs. Chandler began verbally harassing the stepdaughter through the window of her apartment. The victim confronted Mrs. Chandler through the open window, and the two became verbally combative. The victim's girlfriend convinced him to walk away, and the altercation ended.

**{¶3}** According to Mrs. Chandler, she kindly asked the children to move away from the open window, and the victim suddenly appeared, verbally assaulted her, and threatened to kill her. In the process, the victim crawled halfway into the window, displacing the screen in the process.

**{¶4}** There is no evidence that the victim was armed or supported the alleged threats against Mrs. Chandler with any type of weapon.

**{¶5}** Approximately three to eight minutes later, Chandler returned to the apartment and Mrs. Chandler related what had occurred. Chandler, who was carrying a loaded revolver in his pocket, pulled out the weapon and went outside to confront the victim. Words were exchanged, and either Chandler opened fire on the victim without provocation or Chandler believed the

victim was reaching for a weapon and began shooting. The jury believed the victim's version of events. Regardless, during the shooting, Chandler reloaded the firearm at least once.

{¶6} In addition to the victim being shot, a seven-year-old child, who also lived in the apartment complex, was grazed by an errant bullet fired from Chandler's gun. It is undisputed that no other person fired any shots. The child victim was playing with the victim's stepdaughter before the altercation at Mrs. Chandler's window, and when the shooting started, the young child victim's mother called for her to come home. The child victim tried to run back to her apartment, but by the time she did so, the child victim had been grazed by a bullet on the back of her thigh. The treating paramedic confirmed that the wound resembled those caused by bullets.

{¶7} Chandler testified at trial. He claimed he acted in self-defense because he believed that the victim was reaching for a weapon during their verbal confrontation. The jury was accordingly instructed. The trial court, however, refused to provide the jury with additional instructions on self-defense of another or the Castle Doctrine under R.C. 2901.05(B) — Chandler claimed his wife remained in danger from the earlier confrontation. The jury convicted Chandler for the felonious assault of the victim and the young child victim, both with accompanying three-year firearm specifications. This appeal timely followed.

{¶8} The second, third, and fifth assignments of error are overruled. Chandler claims that the trial court erred by allowing the state to admit evidence of prior instances in which Chandler had altercations with weapons that were confiscated by police officers, in violation of Evid.R. 404(B). The trial court, however, denied the state's pretrial request to admit those prior acts as substantive evidence under Evid.R. 404(B). In denying the state's motion, the trial court indicated that if Chandler were to testify, the specific instances of conduct may be admissible as

impeachment evidence depending on Chandler's answers to questions asked. *See State v. Hamilton*, 77 Ohio App.3d 293, 299, 602 N.E.2d 278 (12th Dist.1991) (witness's credibility may be impeached through the intrinsic means of cross-examination under Evid.R. 608(B)).

{¶9} Chandler does not challenge, nor even discuss, that ruling. Further, the state presented no substantive evidence of the prior conduct and did not attempt to introduce extrinsic evidence challenging Chandler's credibility. The specific instances of conduct evidence being challenged on appeal were introduced through the state's cross-examination of Chandler. The intrinsic, impeachment evidence was volunteered without objection and through Chandler's narrative-style answers to leading questions.[1] In light of the record, we decline to address the assigned error as presented, which challenges the introduction of substantive evidence under Evid.R. 404(B), evidence specifically precluded. App.R. 16(A)(7).

{¶10} Chandler also claims his eight-year, aggregate sentence should be reversed as being excessive. We cannot even entertain that notion. According to the trial court and the state, the eight-year sentence is the statutory minimum in this case, a proposition not contested by Chandler. Tr. 1254:14-24. Chandler was convicted of two counts of felonious assault, each with a three-year firearm specification under R.C. 2941.145 that must be served consecutive to each other under R.C. 2929.14(B)(1)(g) and the underlying sentence under R.C. 2929.14(C)(1)(a). *State v. Young*, 8th Dist. Cuyahoga No. 102202, 2015-Ohio-2862, ¶ 9; *State v. Pompey*, 1st Dist. Hamilton No. C-150479, 2016-Ohio-4610, ¶ 7; *State v. Gervin*,

---

[1]The only applicable objection came after Chandler volunteered that he had another case in which he told a detective that he never pulled a gun on anyone, after the state asked Chandler about his ownership of guns. Tr. 1084:15-20. After he volunteered the information and defense counsel objected to Chandler's answer, the trial court overruled the objection.

2016-Ohio-8399, 79 N.E.3d 59, ¶ 199 (3d Dist.); *see, e.g., State v. Gordon*, 8th Dist. Cuyahoga No. 103494, 2016-Ohio-5407, ¶ 15.

{¶11} As it relates to the firearm specifications, the trial court ordered the parties to refer to one- and three-year firearm specifications without reference to the length of the mandatory prison sentence at trial. Colloquially, the two specifications are typically differentiated by the resulting prison terms. The trial court concluded that those references were inappropriate at trial because the jury is generally precluded from considering the length of the sentences when determining guilt. *State v. Santiago*, 9th Dist. Lorain No. 01CA007798, 2002-Ohio-1114, 15. Chandler contends that labeling the specifications without regard to the mandatory prison terms was per se error. Chandler, however, failed to offer any authority to support his argument as required under App.R. 16(A)(7). An appellate court has no responsibility to provide legal support for a party's argument. In light of the limited arguments presented and the general proposition of law that supports the trial court's decision, we overrule Chandler's argument.

{¶12} In the first assignment of error, Chandler claims the trial court erred by refusing to instruct the jury on self-defense of another or the Castle Doctrine under R.C. 2901.05(B). According to Chandler, he reasonably believed his wife remained in imminent danger while the victim stood in the parking lot, or in the alternative and even though Chandler was in the common area of the apartment complex, he was entitled to the presumption under R.C. 2901.05(B) commonly known as the Castle Doctrine. We find no error with the jury instructions.

{¶13} A trial court is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction. *State v. Fulmer*, 117 Ohio St.3d 319, 2008-Ohio-936, 883 N.E.2d 1052, ¶ 72. Jury instructions must be viewed as a whole to

determine whether they contain prejudicial error. *State v. Fields*, 13 Ohio App.3d 433, 436, 469 N.E.2d 939 (8th Dist.1984). In this case, there is no evidence to support an instruction on the defense of another or the Castle Doctrine as established under R.C. 2901.05(B)(1).

{¶14} Under R.C. 2901.05(B)(1), it can be presumed that a person acted in self-defense or defense of another, "if the person against whom the defensive force is used is in the process of unlawfully and without privilege to do so entering, or has unlawfully and without privilege to do so entered, the residence or vehicle occupied by the person using the defensive force." That presumption, however, does not apply "if the person against whom the defensive force is used has a right to be in, or is a lawful resident of, the residence or vehicle." R.C. 2901.05(B)(2)(a).

{¶15} Even if we accepted Chandler's claim that he had a right to assert the defense in the common area of the apartment complex, which we do only for the sake of discussion, Chandler's claim cuts both ways. If Chandler is given the benefit of every legal doubt about the applicability of R.C. 2901.05(B)(1), he would not be entitled to the statutory presumption of having acted in self-defense. In order to apply the presumption, it would have to be determined that the common area of the apartment complex is included within the definition of "residence" under the statute. *Id.* If that assumption were made, the fact that the victim lived in the same complex necessarily means that the victim was shot in his "residence" as defined by Chandler. It would then follow that the presumption does not statutorily apply because the person against whom the defensive force was used, the victim, was a lawful "resident" of the apartment complex under Chandler's theory. R.C. 2901.05(B)(2)(a). Chandler's argument is self-defeating.

{¶16} With respect to the self-defense of another jury instruction, defense of another is similar to a self-defense claim, but the person claiming self-defense stands in the shoes of the

person whom he is aiding. *State v. Moss*, 10th Dist. Franklin No. 05AP-610, 2006-Ohio-1647, ¶ 13, citing *State v. Wenger*, 58 Ohio St.2d 336, 340, 390 N.E.2d 801 (1979); *State v. Williford*, 49 Ohio St.3d 247, 250, 551 N.E.2d 1279 (1990). The rule is stated in the conjunctive, and all elements must be proven by a preponderance of the evidence. *State v. Jackson*, 22 Ohio St.3d 281, 284, 490 N.E.2d 893 (1986). As a result, in order to be entitled to the instruction, the defendant must demonstrate that

> "'(1) [he or the other person who was being defended] was not at fault in creating the violent situation, (2) [he] had a bona fide belief that [another] was in imminent danger of death or great bodily harm and that [the] only means of escape was the use of force, and (3) that the defendant did not violate any duty to retreat or avoid the danger.'"

*State v. Osborne*, 9th Dist. Summit No. 27563, 2016-Ohio-282, ¶ 6, quoting *State v. Goff*, 128 Ohio St.3d 169, 2010-Ohio-6317, 942 N.E.2d 1075, ¶ 36, quoting *State v. Thomas*, 77 Ohio St.3d 323, 326, 1997-Ohio-269, 673 N.E.2d 1339. In light of Chandler's testimony regarding the victim appearing to obtain a weapon, the jury was instructed on self-defense as it pertained to Chandler; however, the trial court determined that Chandler had no evidence to substantiate his acting in defense of Mrs. Chandler.

{¶17} It is undisputed that Mrs. Chandler was not present when Chandler confronted the victim in the parking lot, and thus, Chandler cannot establish self-defense with respect to Mrs. Chandler. By the time Chandler confronted the victim, Mrs. Chandler was in the safety of her home, with the victim a significant distance away and no longer making an attempt to enter the apartment. Chandler stands in his wife's shoes, and Mrs. Chandler could not have claimed self-defense if she were the one confronting the victim in the parking lot after the fact. *State v. Sekic*, 8th Dist. Cuyahoga No. 95633, 2011-Ohio-3978, ¶ 15 (defendant cannot claim self-defense when returning to confront another after an earlier confrontation); *State v. Thomas*,

8th Dist. Cuyahoga No. 94042, 2010-Ohio-5237, ¶ 20 (offender shared fault in instigating the fatal confrontation by returning to the scene of an earlier altercation); *State v. Catron*, 8th Dist. Cuyahoga No. 101839, 2015-Ohio-1836, ¶ 12 (duty to retreat cannot be demonstrated when defendant fails to back down during altercation in public area). The trial court did not err in refusing to instruct on self-defense of another. The first assignment of error is overruled.

{¶18} Finally, in the fourth assignment of error, Chandler challenges the sufficiency of the state's evidence, or in the alternative, that his convictions are against the manifest weight of the evidence. Chandler was convicted of two counts of felonious assault, defined in pertinent part as knowingly causing, or attempting to cause, physical harm to another by means of a deadly weapon. R.C. 2903.11(A)(2).[2]

{¶19} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The appellate inquiry under the current circumstances focuses on the sufficiency of the state's evidence on each element to support the convictions, and not the strength of Chandler's evidence to support his affirmative defense of self-defense. *State v. Bandy*, 1st Dist. Hamilton No.

---

[2] Chandler also claims that the state failed to demonstrate "serious physical harm" because it failed to introduce medical records from the victim's treatment; however, the jury found Chandler not guilty of felonious assault under R.C. 2903.11(A)(1), under which serious physical harm is an element. We can disregard this argument. Chandler's convictions are based on subdivision (A)(2), which only requires the state to prove "physical harm," which was amply demonstrated from the record.

C-160402, 2017-Ohio-5593, ¶ 46, citing *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 38.

{¶20} With respect to the sufficiency of the evidence, Chandler's sole argument is that the child victim's injury could have been caused by something other than his bullet. Although that is a possibility, the child victim's mother testified that the wound occurred during the shooting, and the responding paramedic indicated the wound resembled one caused by a bullet. The young child victim was also treated for that type of wound. The state presented sufficient evidence connecting the child victim's injury to Chandler's knowingly firing a handgun at the victim when the evidence is considered in the light most favorable to the state.

{¶21} In addition, Chandler admitted that he had purposely shot the victim, but claimed the intentional shooting was justified. Therefore, we must reject Chandler's argument that the evidence was not sufficient to support his felonious assault convictions. *Bandy* at ¶ 50.

{¶22} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins,* 78 Ohio St.3d at 387, 1997-Ohio-52, 678 N.E.2d 541. A claim that a jury verdict is against the manifest weight of the evidence involves a separate and distinct test that is much broader than the test for sufficiency. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193.

{¶23} Generally, determinations of credibility and weight of the testimony are reserved for the trier of fact. *State v. Lipkins*, 10th Dist. Franklin No. 16AP-616, 2017-Ohio-4085, ¶ 36, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

In other words, the "jury may take note of the inconsistencies and resolve them accordingly, 'believing all, part, or none of a witness's testimony.'" *Id.*, quoting *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). We must remember that

> [a]n appellate court considering a manifest weight challenge "may not merely substitute its views for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*Id.* at ¶ 37, quoting *State v. Harris*, 10th Dist. Franklin No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. A conviction will only be reversed as being against the manifest weight of the evidence "in the most 'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶24}** Chandler claims the jury lost its way in finding that he did not act in self-defense because the victim had "credibility issues." Chandler was the only witness at trial to claim that the victim made any type of furtive movement before Chandler opened fire — the sole basis of the self-defense claim. Essentially, Chandler is asking this court to believe his version of events and ignore the evidence from every other witness. The jury did not find Chandler credible, and Chandler has not demonstrated that the other witnesses lacked credibility. More important, "a conviction is not against the manifest weight of the evidence because the trier of fact believed the state's version of events over the defendant's version." *Id.* at ¶ 39, citing *State v. Gale*, 10th

Dist. Franklin No. 05AP-708, 2006-Ohio-1523, ¶ 19. This is not the exceptional case in which we can find the jury lost its way. We overrule the fourth assignment of error.

**{¶25}** Chandler's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR