[Cite as *State v. Sharpley*, 2018-Ohio-4326.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106616**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TREG SHARPLEY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617452-A

**BEFORE:** Blackmon, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 25, 2018

**ATTORNEY FOR APPELLANT**

Mary Catherine Corrigan
50 Public Square, Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Brandon Piteo
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant, Treg Sharpley ("Sharpley"), appeals from his guilty plea to robbery. He assigns the following errors for our review:

> I. The trial court erred in accepting [Sharpley's] guilty plea as the guilty plea was not knowingly entered.

> II. The trial court's sentence was contrary to law.

{¶2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.

{¶3} On May 26, 2017, Sharpley was indicted for two counts of aggravated robbery, four counts of robbery, and two counts of kidnapping, all with one-year and three-year firearm specifications, and one count of theft, in connection with the armed robbery of two 13-year-old boys.

**{¶4}** On October 10, 2017, Sharpley entered into a plea agreement with the state whereby he pled guilty to one count of second-degree felony robbery, in violation of R.C. 2911.02(A)(2), that was amended by adding a second victim's name. A one-year firearm specification and all remaining charges were dismissed. The trial court subsequently sentenced Sharpley to a total of three years of imprisonment.

## Guilty Plea

**{¶5}** In his first assigned error, Sharpley argues that his guilty plea was induced by the false promise that he would be sentenced to one year of imprisonment prior to the guilty plea, that he relied upon this promise, and that his guilty plea was not voluntarily made.

**{¶6}** Generally, when a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. *State v. Kelly*, 8th Dist. Cuyahoga Nos. 91875 and 91876, 2010-Ohio-432, ¶ 21; *State v. Blackburn*, 8th Dist. Cuyahoga Nos. 97811 and 97812, 2012-Ohio-4590, ¶ 22, citing *State v. Layman*, 2d Dist. Montgomery No. 22307, 2008-Ohio-759; *State v. Triplett*, 8th Dist. Cuyahoga No. 69237, 1997 Ohio App. LEXIS 493 (Feb. 13, 1997); *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882.

**{¶7}** In *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, this court addressed the issue of claimed sentencing promises. In that case, the trial court inquired of Hudson if any promises or threats induced him to enter his plea, and he responded that "[t]hey said that it would be 12 years." The court replied that it did not discuss sentencing with either side and does not do so as a matter of policy, then determined that no promises or inducements had been made. This court noted that the trial court engaged in a meaningful colloquy and addressed Hudson and informed him of his rights and the potential penalties. This court also

determined that the trial court had clarified on the record that "no promises concerning sentencing would be enforced," and that the totality of the circumstances demonstrated that Hudson knowingly, intelligently, and voluntarily entered his guilty plea. *Id*. at ¶ 11-12.

{¶8} Likewise in *State v. Halloman-Cross*, 8th Dist. Cuyahoga No. 88159, 2007-Ohio-290, this court rejected the defendant's challenge to his guilty plea where he maintained that he had been promised a three-year sentence, but the trial court stated "it's not a promise of three years, it's the possibility of three years," and the defendant acknowledged that he understood. *Id.* at ¶ 25.

{¶9} Similarly, in *State v. Weakley*, 8th Dist. Cuyahoga No. 93282, 2010-Ohio-2464, the trial court asked the defendant if any promises were made in exchange for his plea, and the defendant stated that he was promised that his sentence would not exceed 11 years. In response,

> the judge explained that the court had not made any promises regarding sentencing and that only the court can determine the sentence to be imposed, [and also] advised that before [the defendant] pleaded guilty he needed to understand that he could be sentenced to anywhere from the minimum to the maximum.

*Id*. at ¶ 16. This court found that the "record reflect[ed] that appellant's pleas were knowingly, intelligently, and voluntarily made." *Id*. at ¶ 18. *Accord State v. Gilmore*, 8th Dist. Cuyahoga Nos. 92106, 92107, 92108, and 92109, 2009-Ohio-4230, ¶ 12.

{¶10} Moreover, in *State v. Durrette*, 8th Dist. Cuyahoga No. 104050, 2017-Ohio-7314, this court determined that the trial court engaged in a thorough Crim.R. 11 colloquy in explaining the plea and the potential sentence, despite Durrette's claim that his attorney mistakenly predicted the sentence that would be imposed. *Id*. at ¶ 17-18.

{¶11} In this matter, prior to accepting the guilty plea, the trial court advised Sharpley that there was a mandatory one-year term for the firearm specification that "has to be served prior to and consecutive to the sentence that accompanies the robbery charge." The court also stated that the second-degree felony charge carried the presumption of imprisonment, so "there is a presumption that you will be going to prison." However, the court stated that it was possible

that Sharpley could receive community control for the offense. In explaining the possible sentences, the court stated as follows:

> THE COURT: A presumption means that in all probability you will be going to prison; and it will be for a period of [a] minimum of two years, a maximum of eight years and any year in between. That coupled with the one-year firearm specification, which has to be served first, would put you at a minimum sentence of three, if you go to prison, and a maximum of nine years counting the gun specification. * * * Do you understand that?
>
> THE DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Have any promises been made to you to get you to change your plea?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Now, it's time to take your plea. And that promises, that includes any statements made by your counsel or anyone else as to what I might do at sentencing.
>
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Well, my question is: Have any promises been made to you as to what I might do at sentencing?
>
> THE DEFENDANT: Only promise was that with that year, and you and my counsel already told me about that, that as the only thing that was promised to me, Your Honor.
>
> THE COURT: Well, he's not promising you that I'm going to order that. I think he's explaining to you that that is a possibility.
>
> THE DEFENDANT: Possibility, yes.
>
> THE COURT: There's no promise on his part that that's what I am going to give you.
>
> THE DEFENDANT: Right.

{¶12} At the conclusion of the hearing, Sharpley stated that he understood and had no questions.

**{¶13}** In accordance with the foregoing, we conclude that the trial court engaged in a meaningful colloquy that advised Sharpley of his rights and the potential penalties. The court stated that Sharpley faced a mandatory one-year term for the one-year firearm specification, and that the robbery offense carried the presumption of imprisonment but community control was also possible. The court also clarified on the record that there had been "no promise" as to "what [sentence] I'm going to give you." Therefore, we conclude that the trial court substantially complied with its duty to advise Sharpley, who was already on community control at the time of the offense, of the potential penalties he faced. Sharpley stated that he understood the potential penalties. Under the totality of the circumstances, we conclude that Sharpley knowingly, intelligently, and voluntarily entered his guilty plea.

**{¶14}** The assigned error lacks merit.

### Sentence

**{¶15}** Sharpley next argues that his sentence for robbery under R.C. 2911.02(A)(2) is unlawful, and that under the correct application of R.C. 2929.11 and 2929.12, he would have been sentenced to community control. Specifically, he claims that the trial court failed to consider evidence offered in mitigation to show that he is a good father and that the state obtained a "questionable" confession in this matter.

**{¶16}** Under R.C. 2929.14(A)(2), robbery is a felony of the second degree, which is punishable by a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.13(D)(1) provides that for a second-degree felony, "it is presumed that a prison term is necessary to comply with the purposes and principles of sentencing under [R.C.] 2929.11." Nonetheless, pursuant to R.C. 2929.13(D)(2), a trial court may impose a community control sanction for a second-degree felony if it determines that a community control sanction: (1) would

adequately punish the offender and protect the public from future crime; and (2) would not demean the seriousness of the offense, based upon findings there is a lesser likelihood of recidivism and the offender's conduct was less serious than conduct normally constituting the offense pursuant to the recidivism and seriousness factors set forth in R.C. 2929.12.

{¶17} However, Sharpley also pled to a one-year firearm specification. The term for the firearm specification is mandatory and must be served consecutive to the underlying term. R.C. 2941.145; *State v. Chandler*, 8th Dist. 105246, 2017-Ohio-8573, 99 N.E.3d 1255, ¶ 10. In light of the mandatory one-year term for the firearm specification, Sharpley was not eligible for community control under R.C. 2929.13(F)(8).

{¶18} In light of the foregoing, the trial court did not err in refusing to sentence Sharpley to community control. Moreover, the trial court stated in its sentencing entry that it considered the required statutory factors, and this is sufficient to fulfill a sentencing court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. The sentence is not contrary to law.

{¶19} The second assigned error is without merit.

{¶20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

_____
PATRICIA ANN BLACKMON, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR