[Cite as *State v. Logan*, 2023-Ohio-3353.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

      Plaintiff-Appellant,            :

                                              No. 111533

      v.                                      :

JADYN LOGAN,                                     :

      Defendant-Appellee.            :

---

### EN BANC DECISION AND JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-663779-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*


EILEEN A. GALLAGHER, J.:

## Introduction

{¶ 1} Jadyn Logan pleaded guilty to attempted having weapons while under disability, a fourth-degree felony. The charge carried a one-year firearm

specification, to which Logan also pleaded guilty. The trial court sentenced Logan to a mandatory prison term of one year, attributed to the firearm specification, to be followed by a two-year term of community control for the underlying felony. The state appealed that sentence and argued that the trial court was required to impose a mandatory prison term on both the underlying felony and the specification.

{¶ 2} The state made three arguments: first, that R.C. 2929.13(F)(8) requires the imposition of a mandatory prison term on an underlying felony when the felony carries a corresponding firearm specification; second, that community control is not an authorized sentence on an underlying felony under R.C. 2929.15(A)(1) when the felony carries a firearm specification that requires imprisonment and third, that the imposition of a term of community control on an underlying felony consecutive to a prison term imposed on a corresponding specification is an improper split sentence.

{¶ 3} A panel of this court rejected these arguments and affirmed Logan's sentence in *State v. Logan*, 8th Dist. Cuyahoga No. 111533, 2023-Ohio-1135. In doing so, a majority of the panel concluded that its resolution of the state's first argument — holding that R.C. 2929.13(F)(8) does not preclude community control on an underlying felony where the defendant pleaded guilty to a firearm specification — conflicted with the holding of a previous decision of this court and a statement this court made in another decision. *See Logan* at ¶ 32–35, 55.

{¶ 4} After the panel decision was journalized, the state requested en banc consideration.[1] Logan did not oppose the request.

{¶ 5} The en banc court reviewed the identified conflict and, pursuant to App.R. 26(A)(2), Loc.App.R. 26 and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, determined that a conflict exists requiring en banc consideration. Specifically, the court found that a conflict exists between the panel's opinion in *Logan* and two previous opinions of the court — *State v. Sharpley*, 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326, and *State v. Galvan*, 8th Dist. Cuyahoga No. 108658, 2020-Ohio-1285 — and that consideration en banc is necessary to establish uniformity of decisions within the district on an issue that is dispositive in this case.

{¶ 6} The opinions conflict on the following dispositive question of law:

> Does R.C. 2929.13(F)(8) require a mandatory prison term and preclude the imposition of community control sanctions on an underlying felony when a defendant is found guilty on a corresponding firearm specification?

{¶ 7} This opinion is divided into two parts: (1) the decision of the en banc court and (2) the decision of the merit panel. The decision of the en banc court is limited to an analysis and resolution of the question identified above. The decision of the merit panel reissues the original panel decision on the state's second and third arguments which are outside the scope of this en banc review.

---

[1] The state requested that the en banc court resolve "whether R.C. 2929.13(F)(8) requires a mandatory prison term, precluding community control, on an underlying felony when the defendant pleaded guilty to a corresponding firearm specification."

**En Banc Decision**

{¶ 8} After careful consideration of the detailed briefing and en banc argument presented by the parties on this question before rendering this opinion and for the reasons that follow, we answer the conflict question in the negative. When a trial court crafts a sentence for a felony that carries a firearm specification, R.C. 2929.13(F)(8) requires the court to impose the definite prison term prescribed by R.C. 2929.14(B)(1)(a) as a mandatory prison term with respect to the specification; it does not also require the court to impose a mandatory prison term with respect to the underlying felony.

## I. The Statute

{¶ 9} R.C. 2929.13(F)(8) states in relevant part:

[T]he court shall impose a prison term * * * for any of the following offenses:

Any offense, other than [carrying concealed weapons], that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having a firearm.

{¶ 10} The state reads this statute to require that a mandatory prison term be imposed on an offender for an underlying felony when the offender is found guilty of an accompanying firearm specification. Logan argues that the statute only requires a mandatory prison term on the portion of the sentence imposed for the firearm specification.

## II. Relevant Decisions From This District

{¶ 11} Logan directed the merit panel to three cases from this court that she said are in conflict with each other on whether community control is authorized for an underlying felony when a specification requires the imposition of a mandatory prison term: *State v. Moore*, *State v. Sharpley* and *State v. Galvan*. The cases are not in direct conflict.

{¶ 12} In *Moore*, this court considered a defendant's argument that the trial court had failed to conduct an adequate Crim.R. 11(C) plea colloquy before the defendant entered his guilty plea to a charge of attempted felonious assault with a three-year firearm specification. *State v. Moore*, 8th Dist. Cuyahoga No. 101658, 2015-Ohio-1026, ¶ 1. The defendant argued, among other things, that the trial court failed to inform him that he was not eligible for community-control on the underlying felony. This court found that the trial court substantially complied with Crim.R. 11(C)(2) when it "told [the defendant] that he was ineligible for 'probation' with respect to a portion of his sentence [for the firearm specification], but eligible with respect to the underlying offense." *Id.* at ¶ 16. This court held that this information "can be described only as reasonably intelligible because [the defendant] expressed no confusion." *Id.* Because the trial court had sentenced the defendant to one year in prison on the underlying offense, *id.* at ¶ 4, this court did not have occasion to consider the issue presented by this appeal. This court found substantial compliance with Crim.R. 11(C) under similar circumstances in *State v. Taylor*, 8th Dist. Cuyahoga No. 101609, 2015-Ohio-1643 (defendant argued that the

trial court should have advised him that he was ineligible for community control in light of a firearm specification and the trial court had sentenced the defendant to prison on the underlying felony). The reasoning of *Moore* implies support for Logan's position. *See Moore* at ¶ 14 (applying emphasis to portions of R.C. 2929.13 that suggests a trial court has discretion to sentence an offender to community control except "with respect to a portion of the sentence imposed pursuant to [a firearm specification]").

{¶ 13} In *Sharpley*, this court considered a similar fact pattern. *State v. Sharpley*, 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326. The defendant pleaded guilty to an underlying felony and a firearm specification and the trial court imposed prison sentences for both the felony and the firearm specification. *Id.* at ¶ 4, 18. The defendant argued on appeal that his guilty plea was induced by the false promise that he would receive a one-year sentence of imprisonment. *Id.* at ¶ 5. The trial court had advised the defendant during the plea colloquy that he "faced a mandatory one-year term for the one-year firearm specification, and that the [underlying felony] robbery offense carried the presumption of imprisonment but community control was also possible." *Id.* at ¶ 13. As in *Moore*, this court concluded that the trial court substantially complied with its duties under Crim.R. 11(C) in the colloquy. *Id.* Therefore, the holdings of *Moore* and *Sharpley* are not in conflict with each other.

{¶ 14} The second issue presented in *Sharpley*, though, is directly applicable to the question presented by this appeal. The defendant in *Sharpley* argued on

appeal that he should have been sentenced to community control on the underlying felony. This court held that the defendant was not eligible for community control on the underlying felony by application of R.C. 2929.13(F)(8) because he had pleaded guilty to a firearm specification that required imprisonment. *Id.* at ¶ 17. We note, however, that neither party in *Sharpley* raised R.C. 2929.13(F)(8) or argued that the defendant was ineligible for community control in their briefing. So, while *Sharpley*'s holding is directly applicable to the matter at hand, we are mindful that the *Sharpley* panel did not benefit from the extensive briefing that is now before this court on the application of R.C. 2929.13(F)(8).

{¶ 15} In *Galvan*, a panel of this court again considered a challenge to a trial court's Crim.R. 11(C) plea colloquy. *State v. Galvan*, 8th Dist. Cuyahoga No. 108658, 2020-Ohio-1285. The defendant argued that the trial court should have informed him that he was not eligible for judicial release. *Id.* at ¶ 10. This court held that the trial court did not violate Crim.R. 11 when it did not discuss judicial release at the plea hearing; the panel reasoned that judicial release was not part of the defendant's plea. *Id.* at ¶ 18. The defendant also challenged his plea based on his counsel's statements at the sentencing hearing that suggested his counsel believed judicial release was possible. *Id.* at ¶ 19. In agreeing with the parties that defense counsel's statements were inaccurate, this court stated that "[u]nder R.C. 2929.13(F)(8), the aggravated robbery conviction requires a mandatory prison term where, as here, the defendant had a firearm on his person while committing the felony. * * * A mandatory sentence renders a defendant ineligible for judicial release.

Therefore, [the defendant's] sentence was mandatory, and he was not eligible for judicial release." (Citation omitted.) *Id.* at ¶ 20–21. This court upheld the plea because the defense counsel's "erroneous statements" about judicial release were made at sentencing, not at the defendant's plea hearing. *Id.* at ¶ 22. Notably, whether the defendant was eligible for judicial release was not at issue in *Galvan*; the parties agreed with each other that he was not. Moreover, neither party in *Galvan* cited or discussed *Moore*, *Sharpley* or R.C. 2929.13(F)(8) in their briefing. Therefore, while the panel's discussion of R.C. 2929.13(F)(8) in *Galvan* supported the state's position in this appeal, the *Galvan* Court did not have the opportunity to consider the issue presented by this appeal because of the parties' positions and the procedural posture of the case.

{¶ 16} These three opinions are not in conflict. The reasoning of *Moore* suggests a disagreement with the *Sharpley* holding and *Galvan*'s statement about the effect of R.C. 2929.13(F)(8), but the court in *Moore* did not consider whether a trial court can sentence a defendant to community control on an underlying felony where the defendant is subject to a mandatory prison term for a firearm specification. The actual holdings of *Moore* and *Galvan* — regarding whether a trial court substantially complies with Crim.R. 11 when it does not inform the defendant that the defendant is not eligible for judicial release during a plea colloquy — are fully consistent with *Sharpley*'s holding on that issue.

{¶ 17} Therefore, the state of the law in this district prior to the merit panel's opinion in *Logan* was that a defendant is not eligible for community control on an

underlying felony by application of R.C. 2929.13(F)(8) where the defendant pleaded guilty to a firearm specification that requires imprisonment. *Sharpley* at ¶ 17; *cf. Galvan* at ¶ 20–21.

{¶ 18} The merit panel in this appeal came to the contrary conclusion, a majority of that panel holding as follows:

> After careful consideration, we conclude that R.C. 2929.13(F)(8) only requires that a trial court impose the prison term set forth in R.C. 2929.14(B)(1)(a) when crafting a sentence for a felony offense (other than a violation of R.C. 2923.12) that carries a firearm specification; it does not require a trial court to impose a prison term on the felony offense underlying a firearm specification.

*Logan*, 2023-Ohio-1135, at ¶ 46.

## III. Analysis and Conclusion

{¶ 19} The state emphasizes that R.C. 2929.13(F)(8) refers to "offenses"; the statute requires a mandatory prison term "for any of the following *offenses*: * * * [a]ny *offense* * * * that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony * * *." (Emphasis added.) The state says that the only offense in this case is the underlying felony because a firearm specification is not an offense and asserts that the statute thus requires a prison term for that "offense."[2] The state argues that the legislature would have written the statute to specifically refer to specifications if it had intended

---

[2] The state has advocated for the contrary position in other matters. In *State v. Culp*, for instance, the state recommended that the trial court impose a prison sentence on a firearm specification, followed by a term of community control on the underlying felony. *Culp*, 2020-Ohio-5287, 162 N.E.3d 194, ¶ 3.

to make only the sentence attributable to the specification mandatory and not the underlying felony.

{¶ 20} Logan's argument rests on the final few words of R.C. 2929.13(F)(8); the statute requires a mandatory prison term "for any of the following offenses: * * * any offense that is a felony, if the offender had a firearm on or about the offender's person or under the offender's control while committing the felony, *with respect to a portion of the sentence imposed pursuant to [R.C. 2929.14(B)(1)(a)] for having the firearm*." (Emphasis added.) Logan contends that the state's argument inexplicably reads this phrase out of the statute. We agree.

{¶ 21} The state offers us no real explanation about what this phrase means, if not that a mandatory prison term is only required for the portion of the sentence attributable to the specification. The opinions rendered by other appellate districts that come to the state's preferred conclusion, in our view, similarly do not sufficiently consider the last phrase of the statute.[3]

---

[3] *See State v. Wofford*, 1st Dist. Hamilton No. C-180411, 2019-Ohio-2815, ¶ 10 ("[The defendant] admitted to committing a felony while having a firearm on his person or under his control. Therefore, pursuant to R.C. 2929.13(F)(8), the trial court was required to impose a prison sentence for the involuntary-manslaughter offense."); *State v. Shields*, 2d Dist. Montgomery No. 28573, 2020-Ohio-3204, ¶ 9, 11; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 25; *State v. Culp*, 2020-Ohio-5287, 162 N.E.3d 194, ¶ 10, 13–14 (6th Dist.) ("Under the plain language of the statute, when a defendant is convicted of committing *any* felony (with the exception of carrying concealed weapons) while having or controlling a firearm, the court is required to impose a prison term — *not* community control sanctions — in addition to the mandatory prison term for the firearm specification required by R.C. 2929.14(B)(1)(a)."); *cf. State v. Christian*, 7th Dist. Mahoning No. 02 CA 170, 2005-Ohio-1440, ¶ 65, 80; *State v. White*, 10th Dist. Franklin No. 10AP-34, 2011-Ohio-2364, ¶ 74; *but see State v. Roush*, 5th Dist. Morrow No. 13CA0008, 2014-Ohio-4887, ¶ 35, 39–40 (stating in dicta that R.C. 2929.13(F)(8)

{¶ 22} The state points out that a former version of R.C. 2929.14 stated as follows, in relevant part:

> "[I]f an offender who is convicted of or pleads guilty to a felony is also convicted of or pleads guilty to [a firearm specification], the court, after imposing a prison term on the offender for the felony * * *[,] shall impose an additional [mandatory] prison term [for the firearm specification]."

(Alterations added.) *State v. Kehoe*, 133 Ohio App.3d 591, 616, 729 N.E.2d 431 (12th Dist.1999), quoting the former R.C. 2929.14(D)(1)(a)(i).

{¶ 23} The state also directs us to the Legislative Service Commission Synopsis of House Amendments to S.B. 269, which states that the amending legislation "requires that a mandatory firearm term be served consecutively to (existing law) and prior to (new) the prison term imposed for the underlying felony and consecutively to any other prison term imposed on the offender." Legislative Service Commission Synopsis of House Amendments, Am. Sub. S.B. 269, 121st General Assembly.

{¶ 24} These citations do not persuade us to depart from the plain language of R.C. 2929.13(F)(8). The Supreme Court has instructed that, "when analyzing an issue of statutory interpretation, '[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact.'" *State v. Bollar*, Slip Opinion No. 2022-Ohio-4370, ¶ 10, quoting *State v. Hudson*, Slip Opinion No. 2022-Ohio-1435, ¶ 21. "If the statute's language is plain and unambiguous, we apply

---

"requires the firearm specification penalty be made mandatory but not the penalty for the underlying offense").

it as written." *Bollar* at ¶ 10, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52.

{¶ 25} We find that the language of R.C. 2929.13(F)(8) is plain and unambiguous. The statute requires that a trial court, when crafting a sentence for a felony (other than a violation of R.C. 2923.12) that is enhanced with a firearm specification, impose the definite prison term prescribed by R.C. 2929.14(B)(1)(a) as a mandatory prison term. The statute does not require the imposition of a mandatory prison term with respect to the felony underlying the firearm specification. *See also* Ohio Criminal Sentencing Commission, Felony Sentencing Quick Reference Guide (Dec.2019), p. 4, https://www.supremecourt.ohio.gov/Boards/Sentencing/resources/judPractition er/felonyQuickRef.pdf (accessed Aug. 1, 2023) (identifying that under R.C. 2929.13(F)(8), among other statutory sections, "Time for specification is mandatory; Term for the underlying offense may or may not be."); *State v. Webb*, 8th Dist. Cuyahoga No. 73974, 1998 Ohio App. LEXIS 5460, 11–12 (Nov. 19, 1998) (reading a former version of R.C. 2929.13(F)(8) with substantially similar language to "make[] a prison sentence mandatory only for the firearm specification, but not for the underlying felony") (Karpinski, J., concurring in judgment only).

{¶ 26} To read the statute in the way that the state suggests would be to read the last phrase out of the statute. The statutory reference to "offenses," as opposed to "specifications," is logical; a specification is merely "a sentence enhancement that

attaches to a predicate offense." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16.[4]

{¶ 27} A consideration of the former version of R.C. 2929.14 supports this conclusion. While the statute required a prison sentence on the underlying felony conviction, only the "additional prison term" attributable to the firearm specification was prohibited from being reduced through judicial release, earned credit or other provisions of R.C. Chapter 2967. That fact supports a conclusion that R.C. 2929.13(F)(8) similarly provides for a mandatory prison term only for the portion of a felony sentence imposed pursuant to a firearm specification.

{¶ 28} We, therefore, hold that R.C. 2929.13(F)(8) does not require the imposition of a mandatory prison term or preclude the imposition of community-control penalties on an underlying felony when a defendant is found guilty on a corresponding firearm specification. In our view, R.C. 2929.13(F)(8) cannot be read in any other way than we do here. Even if there were some ambiguity, "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A).

---

[4] While the Supreme Court found that an offender can be sentenced on a firearm specification that accompanied a merged count, *Bollar* at ¶ 18, it did so relying on the plain language of R.C. 2929.14(B)(1)(g), a statute that specifically addressed that issue. *See id*. at ¶ 19–21. That the legislature required a sentence for a specification even in the absence of an underlying felony sentence under specific enumerated circumstances does not convince us that we should disregard the final phrase of R.C. 2929.13(F)(8) solely because the statute uses the word "offenses."

{¶ 29} *Sharpley,* 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326, and *Galvan,* 8th Dist. Cuyahoga No. 108658, 2020-Ohio-1285, are overruled to the extent that they are inconsistent with this opinion.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J.; LISA B. FORBES, EMANUELLA D. GROVES, KATHLEEN ANN KEOUGH, MARY EILEEN KILBANE, MICHAEL JOHN RYAN, and MICHELLE J. SHEEHAN, JJ., CONCUR;

SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION);

MARY J. BOYLE, FRANK DANIEL CELEBREZZE, III, and EILEEN T. GALLAGHER, JJ., CONCUR IN JUDGMENT ONLY AND CONCUR WITH JUDGE SEAN C. GALLAGHER'S OPINION CONCURRING IN JUDGMENT ONLY.

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 30} I concur in judgment only with the majority opinion. I do so because a plain reading of the (F)(8) subsection does not leave room for an alternative decision. The en banc holding is narrow: "When a trial court crafts a sentence for a felony that carries a firearm specification, R.C. 2929.13(F)(8) requires the court to impose the definite prison term prescribed by R.C. 2929.14(B)(1)(a) as a mandatory prison term with respect to the specification; it does not also require the court to impose a *mandatory* prison term with respect to the underlying felony." (Emphasis added.)

{¶ 31} That is a true statement but, for the most part, that is because R.C. 2929.13(F) is not a provision authorizing the imposition of sentences. R.C. 2929.13(F) establishes the nature of how a sentence is to be served after it was imposed, and it requires mandatory service of certain prison sentences imposed through other provisions of the Revised Code. This distinction was overlooked in *Sharpley*.

{¶ 32} While this is not a criticism, the state asked this court to review an overly narrow question that could not lead to a decision in its favor. This oversight is understandable given the confusion created from the single sentence from *Sharpley,* 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326, concluding that an offender is not eligible for community control under R.C. 2929.13(F)(8).

{¶ 33} The gist of the state's disagreement with the panel's conclusion leading to this en banc proceeding focuses on the fact that a community control sanction was imposed on the underlying offense in lieu of a prison term. The panel determined that the trial court was authorized to impose a term of community control despite the attendant firearm specification requiring a prison term.

{¶ 34} Whether a community control sanction can be imposed on the underlying offense that includes an attendant firearm specification is not controlled through R.C. 2929.13(F)(8). R.C. 2929.13(F)(8) does not authorize the imposition of sentences. That provision merely recognizes the mandatory nature of the offender's service of that sentence. The real question, at least the one the state would like to have addressed, is whether a court is authorized to impose a community

control sanction at the sentencing hearing after determining that prison is required for the attendant firearm specification. *See State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 24 (absent a statutory basis for the imposition of the sentence, the trial court is without authority to impose such a sentence).

{¶ 35} The answer to that real question likely lies elsewhere within the Revised Code,[5] but no other provision was cited in favor of the state's position at any time during this appeal. This limits the impact of the decision entered en banc and by the panel. The panel's conclusion with respect to determining that a community control sanction may be imposed despite the fact that a prison term is required arising from the same offense is not an issue that can be resolved within the en banc proceeding given the arguments presented. The only conclusion that can be reached is that R.C. 2929.13(F)(8) does not require the imposition of a prison term on the underlying offense and the statement to the contrary in *Sharpley,* 8th Dist. Cuyahoga No. 106616, 2018-Ohio-4326, must be overruled. Although R.C. 2929.13(F)(8) does not require imposition of a prison term on the underlying offense, that is not to say that the requirement does not exist elsewhere in the Revised Code.

---

[5] *See State v. Chandler*, 2017-Ohio-8573, 99 N.E.3d 1255, ¶ 10 (8th Dist.) (the defendant was convicted of two counts of felonious assault, each with a three-year firearm specification under R.C. 2941.145 that must be served consecutive to each other under R.C. 2929.14(B)(1)(g) and the underlying prison sentence under R.C. 2929.14(C)(1)(a)).

**How could we get this wrong for so many years?**

{¶ 36} Notwithstanding, if the majority view and analysis on the community control sanction question is correct, one must ask: How could we, and other panels from across the state, get this wrong for so many years? *See* Majority En Banc Opinion at fn. 3.

{¶ 37} The applicable sentencing statutes have been amended so many times that they are now virtually unreadable and, at times, indecipherable. Specifically, the amendments to R.C. 2929.14 since the statute's enactment in July 1996 are at the root of today's confusion. At one time, R.C. 2929.14 said exactly what the state proposes regarding the requirement to impose a prison sentence on the underlying offense for which a firearm specification applies:

> if an offender who is convicted of or pleads guilty to a felony is also convicted of or pleads guilty to a specification of the type described in * * * section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense * * * and using it to facilitate the offense, * * * *the court, after imposing a prison term on the offender for the felony* * * * shall impose an additional prison term, determined pursuant to this division.

(Emphasis added.) R.C. 2929.14(D)(1)(a)(i), effective 10-29-99.

{¶ 38} That passage is no longer in the statute. That express language was winnowed down to two different firearm specifications starting with the version of R.C. 2929.14 effective 3-22-2001.[6] Through the various versions of R.C. 2929.14,

---

[6] R.C. 2929.13(F)(8) has existed in its current form through both versions of the statute, although it has been renumbered. Thus, even under the older version in which a prison term on the underlying offense was required, the statute was drafted so that only

however, the legislature codified what is now located in R.C. 2929.14(C)(1)(a), which provides in pertinent part, "if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) (firearm specifications) * * * the offender shall serve any mandatory prison term imposed" thereunder "consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A)" of R.C. 2929.14 (all degrees of felony offenses). This provision arguably touches on the state's concern.

**Amenability**

{¶ 39} One of the first considerations a trial judge makes in sentencing is determining if an offender is, or is not, amenable to community control. *State v. Sobel*, Sixth Dist. Fulton No. F-22-010, 2023-Ohio-2247; *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246 (7th Dist.). With all of those decisions, the primary question is whether the legislature authorized that particular sentence. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10. "Before imposing sentence" for multiple offenses, "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term." R.C. 2929.19(B)(2)(a). Nothing within that provision or anything under subdivision (B)(2)(b) requires the court to determine whether prison was necessary on each individual felony or each

the prison term on the specification was mandatory. Yet the statute has been amended and portions renumbered on over 40 occasions since 1996. The provisions in the statute are a challenge to even the most experienced statute constructionist.

individual offense before requiring the court to impose a prison sentence. That provision states in broad terms that before imposing sentence for the case, even if that case involves multiple offenses, once the court determines that prison is necessary, a prison sentence must be imposed.

{¶ 40} This interpretation stems from the Ohio Supreme Court's conclusion that "a court cannot impose a prison term and a community-control sanction for the same offense." *Id.* at ¶ 32. "[T]he sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same *offense*." (Emphasis added.) *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). Instead, the trial court must "'decide which sentence is most appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary.'" *Id.*, quoting *Vlad* at ¶ 16; *see also State v. Martin*, 8th Dist. Cuyahoga No. 100723, 2014-Ohio-3913.

{¶ 41} There is a strong precedent in our jurisprudence that an offender is either amenable to community control, or not. There's no middle ground. It is not like anyone can say they are a "little pregnant." Thus, where R.C. 2929.14 (B)(1)(a) and 2929.13(F)(8) makes the specification mandatory time, R.C. 2929.14(C)(1)(a) makes the prison term imposed on that specification consecutive to the prison term imposed for the underlying felony offenses. The statute presumes a prison term has been imposed on the underlying felony offense when a firearm specification is involved, regardless of the level of that offense, and is silent as to any possibility of

community control sanctions. *See, e.g., Chandler,* 2017-Ohio-8573, 99 N.E.3d 1255, at ¶ 10.

{¶ 42} Consideration of R.C. 2929.14(C)(1)(a) could arguably lead to the conclusion that if a defendant must serve a prison term for the specification, imposing community control on the underlying term is inherently inconsistent with any amenability analysis. But that is a question left unanswered given the arguments presented to the panel and this court sitting en banc. It might very well be one in need of an answer moving forward.

**Conclusion**

{¶ 43} The legislature has not provided the model of clarity for sentencing considerations. It may well be time to revisit a thorough review and simplification of the bloated sentencing statutes.

{¶ 44} Nevertheless, I believe we should certify a conflict between this case and one of the conflicting cases from other districts outlined in footnote 3 of the majority en banc opinion. I also believe the Supreme Court of Ohio should take this issue to better address the relationship between mandatory prison terms on specifications and the underlying offenses in the context of the overriding principles of felony sentencing under R.C. 2929.11 and other relevant provisions in Title 29. As a result of the foregoing considerations, I concur in judgment only with the majority's decision.

**Merit Panel Decision**

EILEEN A. GALLAGHER, J.:

## I.    Factual Background and Procedural History

{¶ 45} A Cuyahoga County Grand Jury indicted Logan in October 2021 for several firearm-related offenses.  Logan pleaded guilty in April 2022 to one count of attempted having weapons while under disability, a fourth-degree felony.  *See* R.C. 2923.02, 2923.13(A)(2), 2923.13(B).  The charge included a one-year firearm specification under R.C. 2941.141(A) and a forfeiture specification.  The state dismissed the remaining counts in the indictment.

{¶ 46} During Logan's change-of-plea hearing, the trial court described the possible penalties for the proposed plea as follows, in relevant part:

> Amended Count 1, attempted having weapons under disability, a felony of the fourth degree, punishable by a maximum of 18 months of incarceration and up to a $5,000 fine.  There is also a one-year firearm specification, which is mandatory time, and that must be served prior to and consecutive to any time that may be imposed on the underlying charge.
>
> * * *
>
> With regards to a felony of the fourth degree, it is a rebuttable presumption with regards to community control, and if you were to be placed on community control, there could be sanctions for up to five years instead of prison.
>
> * * *
>
> The firearm specification for which you are pleading is regarded by law as an enhancement, and so therefore, the Court could consider, as well, placing you on community control on the felony of the fourth degree and still imposing that mandatory one-year firearm specification.

{¶ 47} The assistant prosecuting attorney then confirmed that she was satisfied that the trial court had complied with Crim.R. 11 in conducting its plea colloquy.

{¶ 48} On May 12, 2022, the trial court held a sentencing hearing. The parties made arguments to the court, with each agreeing that Logan "has turned her life around" since her last criminal case, taking steps to better her life by — among other things — attending a career-training program. At the hearing, the assistant prosecuting attorney said the following about the state's recommended sentence:

> I don't have to belabor her history. You have that in front of you in the [presentence-investigation report]. We have a one-year firearm specification in this case. I think we all know how this is going to end here today. The State of Ohio would defer to the Court when it comes to the underlying charge, the having weapons under disability.

{¶ 49} The trial court sentenced Logan to one year in prison on the firearm specification and to two years of community control for the underlying felony. The trial court imposed the mandatory prison term on the firearm specification prior and consecutive to the two years of community control, ordering that Logan be returned to the Cuyahoga County Corrections Center after she is released from prison for the court to hold a hearing to advise her of her community-control obligations "and make sure that she reports there and there are no lapses with regards to time."

{¶ 50} After announcing its sentence, the trial court engaged in the following exchange with the assistant prosecuting attorney:

THE COURT: Anything further, [assistant prosecuting attorney]?

[ASSISTANT PROSECUTING ATTORNEY]: No, your Honor. Thank you.

**{¶ 51}** The court published a sentencing journal entry. The original journal entry did not specify that the mandatory prison term is to be served prior and consecutive to the community-control term, an omission that was corrected through a nunc pro tunc entry based on the original announcement of decision in this matter. The state appealed the sentence under R.C. 2953.08(B)(2). The state raises one assignment of error for review:

> The Trial Court erred by not imposing a prison sentence for [a]ttempted [h]aving weapons while under disability where the offender had a firearm on or about the offender's person or under the offender's control while committing the felony.[7]

## II. Law and Analysis

### A. Standard of Review

**{¶ 52}** We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22–23. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce or otherwise modify a sentence or vacate a sentence and remand for resentencing if it "clearly and convincingly" finds that (1) the record does not support certain of the sentencing court's findings or (2) the sentence is "otherwise contrary to law." "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as

---

[7] The original announcement of decision, *State v. Logan*, 8th Dist. Cuyahoga No. 111533, 2023-Ohio-1135, released April 6, 2023, is hereby vacated. This opinion is the court's journalized decision in this appeal.

to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 53} The state did not object to Logan's sentence in the trial court, so we review the sentence only for plain error. *See, e.g.*, *State v. Dowdell*, 8th Dist. Cuyahoga No. 111026, 2022-Ohio-2956, ¶ 8–9. That said, a sentence that fails to impose a mandatory provision is contrary to law and a sentence that is imposed contrary to law constitutes plain error. *Id.*

{¶ 54} Before turning to the parties' arguments specific to this case, we consider the statutes and caselaw relevant to the question presented by this appeal.

## B. Relevant Legal Background

### 1. Criminal Offenses and Firearms Specifications

{¶ 55} First, we contrast criminal offenses from specifications that enhance the penalty for those offenses.

{¶ 56} Attempting to have weapons while under disability is a criminal offense, since doing so violates statutes of the Revised Code that "state a positive prohibition * * * and provide a penalty for violation of such prohibition" — namely R.C. 2923.02 and 2923.13(A)(2). *See* R.C. 2901.03(A) ("No conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code."); R.C. 2901.03(B) ("An offense is defined when one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, and provide a

penalty for violation of such prohibition or failure to meet such duty."); *see also State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 10.

{¶ 57} A firearm specification, on the other hand, is *not* a criminal offense. The statutes setting forth the specification and its punitive effect — R.C. 2929.14(B)(1)(a) and 2941.141(A) — do not contain a positive prohibition of conduct. R.C. 2901.03(B), 2929.14(B)(1)(a) and 2941.141(A); *see also Ford* at ¶ 16 (analyzing the firearm specification and its punitive effect set forth in R.C. 2941.145 and 2929.14(D)). Instead, the specification provides that *if* a defendant pleads guilty to a felony offense and, during the commission of that offense, *if* the defendant had a firearm on or about her person or under her control, the defendant's underlying felony sentence will be increased by one year in prison. R.C. 2929.14(B)(1)(a); R.C. 2941.141(A); *see Ford* at ¶ 16. "Thus, the firearm specification is merely a sentencing provision that requires an enhanced penalty upon certain findings." *Ford* at ¶ 16. "The purpose of a firearm specification is to enhance the punishment of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms." *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 939, ¶ 31.

{¶ 58} With this distinction in mind, we now consider the trial court's discretion to craft felony sentences.

## 2. The Trial Court's Discretion to Craft Felony Sentences

{¶ 59} A trial court has the statutory authority, in crafting a felony sentence, to impose "any sanction or combination of sanctions on the offender that are

provided in sections 2929.14 to 2929.18 of the Revised Code" unless a specific penalty is required to be imposed or is precluded from being imposed pursuant to law, including in the circumstances described by R.C. 2929.13(E), (F) or (G). R.C. 2929.13(A).

{¶ 60} Attempted having weapons while under disability is a fourth-degree felony. *See* R.C. 2923.02(E)(1), 2923.13(A)(2) and 2923.13(B). A fourth-degree felony is punishable, under most circumstances, by a definite prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen or eighteen months. R.C. 2929.14(A)(4). A trial court may also "directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code" in lieu of imprisonment for a fourth-degree felony unless the court is required to impose a prison term, a mandatory prison term or a term of life imprisonment on the offender. R.C. 2929.15(A)(1).

{¶ 61} A trial court generally cannot, however, impose a term of imprisonment and a term of community control on an offender for the same offense, even when both types of penalty are authorized. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31 ("[W]hen a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions.").

{¶ 62} Under many circumstances,[8] a trial court must impose a prison term on an offender who pleads guilty to a firearm specification described by R.C. 2941.141, 2941.144 or 2941.145.  R.C. 2929.14(B)(1)(a).  Here, Logan pleaded guilty to a specification that she had a firearm on or about her person or under her control while committing the offense of attempted having weapons while under disability. R.C. 2929.141(A).  Therefore, the presence of the firearm specification required the trial court to impose a mandatory one-year prison term.  R.C. 2929.14(B)(1)(a)(iii).[9]

{¶ 63} Having set forth the relevant legal background, we turn to the parties' positions on the legality of Logan's sentence.

**C. Analysis**

{¶ 64} The state argues that the trial court was required to sentence Logan to some term of imprisonment on the offense of attempted having weapons while under disability.  It asks us to find that the trial court's community-control sentence on that offense is contrary to law, vacate the sentence and remand the matter to the trial court for resentencing on that offense.

{¶ 65} The state argues that R.C. 2929.13(F)(8) required that a mandatory prison term be imposed on Logan for the underlying felony because Logan pleaded

---

[8] R.C. 2929.14(B)(1)(e), for example, describes circumstances in which the trial court is not permitted to impose the mandatory prison sentences provided for firearms specifications.

[9] The offense of having weapons while under disability is not enhanceable with a sentence from a firearm specification unless "the offender previously has been convicted of * * * any felony of the first * * * or second degree" and "[l]ess than five years have passed since the offender was released from prison or post-release control, whichever is later, for the prior offense."  R.C. 2929.14(B)(1)(e).  Here, those circumstances were met.

guilty to a firearm specification. The state further asserts that community control was not an authorized sentence for the underlying felony pursuant to R.C. 2929.15(A)(1), because the trial court was required to impose a term of imprisonment on the offense. Finally, the state argues that the trial court's sentence — which imposed a two-year term of community control for the underlying felony consecutive and subsequent to a one-year term of imprisonment for the specification — is an unlawful "split sentence" following *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 31.

{¶ 66} To answer the question presented by this appeal, we must first consider whether R.C. 2929.13(F)(8) required the trial court to sentence Logan to a mandatory prison term on the underlying felony. Based on the decision of the en banc court discussed above, we conclude that R.C. 2929.13(F)(8) did not require the trial court to sentence Logan to a mandatory prison term on the offense of attempted having weapons while under disability.

{¶ 67} We must now consider whether the Revised Code authorized the trial court to sentence Logan to community control on the underlying offense while imposing a mandatory prison term for the specification. The latter inquiry, in turn, involves a consideration of whether Logan received an unlawful split sentence.

{¶ 68} The state argues that the trial court's imposition of community control on the underlying felony, to be served after a mandatory term of imprisonment for the firearm specification, was an unlawful split sentence. It also

argues that community control was not available under R.C. 2929.15(A)(1) because the court was required to impose a prison term on the offense.

{¶ 69} There is some support for the state's argument. In *State v. Ervin*, a panel of the Twelfth District considered a sentence imposed on a defendant for two second-degree felonies, one of which carried a firearm specification. *State v. Ervin*, 2017-Ohio-1491, 89 N.E.3d 1, ¶ 2 (12th Dist.). The trial court sentenced the defendant to a mandatory three-year prison term for the gun specification and five-year terms of community control on each of the underlying felony counts. *Id.* The community-control penalties were to be served consecutively to and after the prison term. *Id.* The defendant successfully completed her prison sentence but she subsequently violated her community control; the trial court then imposed prison terms on each of the underlying felony convictions and the defendant appealed. *Id.* at ¶ 3. The appeals court reversed, holding that the trial court's initial sentence was an unlawful "blended sentence" and that a trial court has no authority to impose consecutive community-control penalties following a prison term, with limited exceptions. *Id.* at ¶ 23. In reaching this conclusion, the panel relied on this court's en banc decision in *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229 (8th Dist.) and the Ohio Supreme Court's opinion in *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512.

{¶ 70} Logan defends the sentence by arguing that the legislature specifically authorized the sentence imposed on her by only requiring mandatory prison time for the "portion" of a sentence attributable to a firearm specification.

Logan's argument is essentially that the reference to a "portion" of a sentence in R.C. 2929.13(F)(8) presupposes that a trial court's sentence on a felony enhanced by a firearm specification can properly be divided into "portions," with one portion served in prison and the other on community control.

{¶ 71} This court has previously held that a trial court may impose community-control sanctions on an underlying offense that does not require imprisonment while imposing prison on an accompanying specification that does require imprisonment. *See State v. Hamm*, 2016-Ohio-2938, 65 N.E.3d 143, ¶ 17 (8th Dist.) (underlying third-degree felony with a gang-activity specification under R.C. 2929.14(G)).

{¶ 72} The panel in *Hamm*, which included then-Judge Melody J. Stewart, disagreed with the exact argument put forth by the state here: because a trial court must impose "*either* a prison term *or* community control sanctions on each count" — (emphasis added) *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 23 — and because a specification is completely dependent on the existence of an underlying offense, "the offense plus the specification constitute 'the entire count'" and the trial court cannot impose both community control and imprisonment for the same offense. *Hamm* at ¶ 6–8. In rejecting this argument, the panel concluded that "imposing community control on an underlying offense and prison on an accompanying specification does not implicate the 'split sentence' prohibition precisely because a specification is not part of the underlying offense but merely a sentencing enhancement to that offense." *Id.* at ¶ 9. Thus, "where a trial

court is not required to impose a prison sentence on the underlying felony, even where prison is mandatory for the accompanying specification, a trial court may impose community control sanctions on the underlying felony." *Id.* at ¶ 16.

{¶ 73} The state acknowledges *Hamm* but argues that it is distinguishable because it did not involve an offense for which a mandatory term was required under R.C. 2929.13(F)(8), a reading of that statute which this court, sitting en banc, rejected above. The state also asks us to reconsider *Hamm*, asserting that a sentence of community control on a felony underlying a specification that mandates imprisonment violates the split-sentence doctrine. We are persuaded to follow *Hamm*'s reasoning and hold that community control was an authorized sentence on the fourth-degree felony at issue here.

{¶ 74} The Supreme Court in *Anderson* noted that in the mid-1990s the legislature ended the "regular practice" among trial courts of imposing and then suspending prison sentences in favor of probation; since that legislative overhaul of the sentencing statutes, prison terms and community-control penalties are now "alternative sanctions." *See Anderson* at ¶ 21–23, 28. Therefore, "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31. This court described the line of Supreme Court cases addressing the "split-sentence doctrine" since *Anderson* as follows:

> A court may also not impose a community-control sanction on one count consecutive to a prison term on another count absent statutory authority. *State v. Hitchcock*, 175 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 25. However, the Supreme Court of Ohio has held that a court may impose both a prison term for one offense and a community-control term for another offense in the same case. *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 9. The *Paige* Court went on to hold that the trial court could not impose what amounted to a consecutive term of commitment to a community-based correctional facility after release from prison. *Id*. at ¶ 13.

*State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-3033, ¶ 12.

{¶ 75} We do not read these authorities to prohibit what the trial court did here. The trial court, when sentencing Logan for the fourth-degree felony offense to which she pleaded guilty, had the choice between imposing an authorized prison term or imposing community-control sanctions; it chose community-control sanctions. By virtue of the firearm specification, that sanction was enhanced by the addition of one year in prison. We follow *Hamm* and hold that a trial court does not violate the split-sentence doctrine by imposing a mandatory prison term for a firearm specification prior and consecutive to community-control penalties on the felony offense underlying the specification. *See Hamm*, 2016-Ohio-2938, 65 N.E.3d 143, at ¶ 16; *Moore*, 2015-Ohio-1026, at ¶ 18 (E.T. Gallagher, J., concurring in judgment only) (stating the opinion that the imposition of a mandatory prison term for a firearm specification and community-control penalties on the underlying felony does not constitute an improper "split sentence").

{¶ 76} The final question we must address in this appeal is whether community control is authorized under R.C. 2929.15(A)(1). "'[T]he only sentence

which a trial judge may impose is that provided for by statute * * *.'" *Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, at ¶ 12, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984). Our resolution of this question flows naturally from this court's resolution of the two issues previously addressed.

{¶ 77} R.C. 2929.15(A)(1) states as follows, in relevant part:

> If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to [R.C. 2929.16, 2929.17, or 2929.18].

{¶ 78} As discussed above, the trial court was not required to impose a prison term or a term of life imprisonment for the underlying fourth-degree felony in this case and R.C. 2929.13(F)(8) does not require the imposition of a mandatory prison term for the underlying offense either. The mandatory prison term for the firearm specification was merely a sentencing enhancement. Therefore, the trial court was authorized to impose community-control sanctions under R.C. 2929.15(A)(1). *See Hamm* at ¶ 16–17; *Webb*, 1998 Ohio App. LEXIS 5460, at 12–14 (Karpinski, J., concurring in judgment only).

{¶ 79} Having found that (1) based on the decision of this en banc court, R.C. 2929.13(F)(8) did not require the trial court to impose a mandatory prison term on the offense of attempted having weapons while under disability; (2) the imposition of community-control sanctions on that offense was not an unlawful split sentence, notwithstanding that the trial court also imposed the mandatory term of imprisonment required because of the firearm specification and (3) R.C.

2929.15(A)(1) authorized the trial court to impose community-control sanctions on the underlying offense, we overrule the state's assignment of error.

## III. Conclusion

{¶ 80} Having overruled the state's sole assignment of error for the reasons stated above, we affirm the judgment.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

MARY J. BOYLE, J., CONCURRING IN JUDGMENT ONLY:

{¶ 81} I respectfully concur in judgment only with the majority opinion for the reasons set forth above in the concurring in judgment only opinion to the en banc decision.