[Cite as *State v. Washington*, 2024-Ohio-5981.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

KENYATTA K. WASHINGTON,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-17

O P I N I O N

Appeal from Allen County Common Pleas Court
Trial Court No. CR2023 0144

Judgment Affirmed

Date of Decision: December 23, 2024

APPEARANCES:

    *William T. Cramer* for Appellant

    *John R. Willamowski, Jr.* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Kenyatta Washington ("Washington"), appeals from the February 22, 2024 Judgment Entry by the Allen County Court of Common Pleas. Washington argues the trial court erred in determining he was competent to stand trial and in ordering an (allegedly) unlawful sentence. For the reasons that follow, we affirm.

## I.     FACTS AND PROCEDURAL HISTORY

{¶2} This case stems from shootings at two locations on April 22, 2023. The first shooting ended with a person struck by bullets and the other ended with two people dead from multiple gunshot wounds. In his brief, Washington acknowledges he committed the shootings.

{¶3} On June 15, 2023, Washington was indicted on six counts: (1) aggravated burglary, pursuant to R.C. 2911.11(A)(2), a first-degree felony; (2) felonious assault, pursuant to R.C. 2903.11(A)(2), a second-degree felony; (3) aggravated murder, pursuant to R.C. 2903.01(A), an unclassified felony; (4) murder, pursuant to R.C. 2903.02(B), an unclassified felony; (5) aggravated murder, pursuant to R.C. 2903.01(A), an unclassified felony; and (6) murder, pursuant to R.C. 2903.02(B), an unclassified felony. Each of the six counts contained a firearm specification pursuant to R.C. 2941.145(A).

{¶4} On September 22, 2023, Washington filed a motion requesting leave to plead not guilty by reason of insanity and, pursuant to R.C. 2945.371, for an evaluation of his present mental condition (competency) and his mental condition at the time of the alleged incident. The trial court ordered the requested evaluations.

{¶5} On November 1, 2023, the psychologist who evaluated Washington issued her reports. In the report on competency, the psychologist found Washington was not an intellectually disabled or mentally ill individual, that he was capable of understanding the nature and the objective of the proceedings against him, and that he was capable of assisting in his defense. She therefore opined that Washington was competent to stand trial. Her opinion was based on a review of a variety of documents provided to her (including Washington's medical and mental health records), as well as her discussion with Washington—which lasted over an hour. On November 6, 2023, the parties stipulated to admission of the psychologist's reports, the trial court found that Washington was competent to stand trial, and the court set a trial date.

{¶6} Washington subsequently moved for a change of plea hearing. At that hearing, he tendered guilty pleas to counts two, four, and six, along with their firearm specifications. The remaining counts and specifications were dismissed, pursuant to the negotiated plea. The trial court accepted the guilty pleas and, on February 22, 2024, sentenced Washington as follows: a mandatory term of

imprisonment of eight years (minimum) to 12 years (maximum) for the felonious assault charge in count two, along with a mandatory term of three years imprisonment for its specification; a mandatory term of imprisonment of 15 years (minimum) to life for the murder charge in count four, along with a mandatory term of three years imprisonment for its specification; and a mandatory term of imprisonment of 15 years (minimum) to life for the murder charge in count six, along with a mandatory term of three years imprisonment for its specification. The court ordered the terms to be served consecutively, for an aggregate mandatory term of 47 years (minimum) up to 51 years to life (maximum). (Feb. 22, 2024 Judgment Entry of Sentencing). This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶7} Washington raises two assignments of error for our review:

### First Assignment of Error

**Appellant's due process rights were violated by the trial court's determination that he was competent to stand trial.**

### Second Assignment of Error

**The trial court ordered an unlawful sentence by imposing a mandatory prison term on the felonious assault.**

## III. DISCUSSION

### A. First Assignment of Error

{¶8} In the first assignment of error, Washington argues that, under the circumstances, "the trial court acted unreasonably and abused its discretion in finding [him] competent to stand trial." (Appellant's Brief at 6). He complains that the psychologist who evaluated him for competency to stand trial allegedly "did not address the impact of Washington's underlying symptoms"—namely, "Washington reported hearing voices and seeing black dots around the room while in jail, symptoms that appeared to continue even after being treated with psychotropic drugs." (*Id.*).

#### 1. Standard of Review

{¶9} We review the trial court's finding that Washington was competent to stand trial for an abuse of discretion. *State v. Were*, 2008-Ohio-2762, ¶ 53. "A trial court's finding that a defendant is competent to stand trial will not be disturbed when there is some reliable and credible evidence supporting those findings." *Id.* at ¶ 46.

#### 2. Applicable Law

{¶10} "A defendant is presumed to be competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *Were* at ¶ 45. Specifically, at all relevant times, the statute concerning competency to stand trial provided,

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that,

because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

R.C. 2945.37(G). The Supreme Court of Ohio has explained that "'[i]ncompetency must not be equated with mere mental or emotional instability or even outright insanity.'" *Were* at ¶ 47, quoting *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). Moreover, "'[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.'" *Id.*

### 3. Analysis

{¶11} We disagree with Washington's assertion that the psychologist "did not address the impact of [his] underlying symptoms." (Appellant's Brief at 6). The psychologist's competency report specifically acknowledged that Washington reported hearing voices and seeing black dots around the room while in jail, and she considered that information in the court-ordered evaluation.[1] In addition, and among other items, the psychologist explained in her thorough report:

- Washington said he had used marijuana daily, starting at the age of 14 and continuing until the day of his arrest for the charged offenses.

---

[1] The report explains that, prior to the evaluation, Washington was informed of the purpose, procedures, and non-confidential nature of the evaluation, as well as his forensic participant rights; he indicated his understanding of this information verbally; and he signed an Informed Participation Statement.

- Washington suspected that the marijuana he used a week prior to the charged offenses had been laced with hallucinogenic mushrooms.

- Washington said he started to experience increased paranoia and visual disturbances one week prior to the charged offenses, which he attributed to inadvertently smoking marijuana laced with a hallucinogen.

- Washington suggested that his symptoms continued for a short time after he discontinued his drug use with his arrest and incarceration, and those perceptual disturbances were treated with medication at the jail.

- Washington's description of his symptoms, coupled with the available information, suggested that his difficulties were likely substance induced.

- Washington denied any current symptoms of psychosis, such as hallucinations or delusions, and none were apparent in his presentation.

- Washington discussed the offenses charged in a logical, coherent, and goal-directed manner.

- Washington was able to demonstrate an adequate and realistic understanding of basic courtroom concepts, as well as questions posed, and discussion with Washington suggested that he is currently capable of disclosing information to an attorney, comprehending instructions, and evaluating legal advice.

- Washington's thoughts were logical and coherent, he was motivated for a favorable outcome in his case, he was psychiatrically stable, and he behaved appropriately during the evaluation.

{¶12} Clearly, "some reliable and credible evidence" supports the trial court's finding that Washington was competent to stand trial. *Were*, 2008-Ohio-2762, at ¶ 45-47, 53. The trial court did not abuse its discretion. Accordingly, Washington's first assignment of error is overruled.

### B.    Second Assignment of Error

**{¶13}** In the second assignment of error, Washington says the trial court imposed the prison term for his felonious assault conviction (i.e., count two) as *mandatory* time, based on R.C. 2929.13(F)(8), because it was accompanied by a firearm specification.  Washington concedes that, in imposing a mandatory prison term for the felonious assault conviction, the trial court followed our binding precedent in *State v. Wolfe*, 2022-Ohio-96 (3d Dist.) and reaffirmed in *State v. Peters*, 2023-Ohio-4362 (3d Dist.).  (*See* Appellant's Brief at 7).  However, he asks us to reconsider our holdings in those two cases in light of an Eighth District decision for which the Supreme Court of Ohio has granted review: *State v. Logan*, 2023-Ohio-3353 (8th Dist.).  We decline to do so.  Washington pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(2)—a second-degree felony—and to its accompanying firearm specification.  The trial court did not err in following precedent and imposing a mandatory prison term for the felony felonious assault conviction.  *Wolfe* at ¶ 24-25; *Peters* at ¶ 85 ("R.C. 2929.13(F)(8) obligates the trial court to impose a mandatory prison term for any felony (except carrying concealed weapons) where the offender had or controlled a firearm when committing that offense").  Washington's second assignment of error is overruled.

## IV. CONCLUSION

{¶14} For the foregoing reasons, Appellant's assignments of error are overruled.  Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Allen County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, J., concur.**

**WALDICK, J., dissents.**

For the reasons set forth in my dissenting opinion in *State v. Peters*, 2023-Ohio-4362 (3d Dist.), I respectfully dissent in the disposition of the second assignment of error.  I would sustain the second assignment of error, reverse the sentence imposed by the trial court, and remand the case for further proceedings.

**/jlm**